IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **STEVIE RAY THOMPSON,**  *Plaintiff,*  v.  **MAJOR ALLEN EVERIDGE,** *et al.,*  *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00420-TES-CHW** |

### ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

Plaintiff Stevie Ray Thompson filed a pro se civil rights complaint on October 10, 2019, which was amended on December 18, 2019, seeking relief under 42 U.S.C. § 1983 based on his confinement at the Houston County Jail. [Doc. 1]; [Doc. 7]. On April 13, 2020, the magistrate judge filed a Report and Recommendation recommending dismissal of this action. [Doc. 18]. The magistrate judge further recommended that the Court deny as moot Plaintiff's motions for temporary restraining orders [Doc. 11] [Doc. 12] and his motion for judgment on the pleadings [Doc. 15]. Plaintiff objected to the Recommendation on April 28, 2020. [Doc. 24]. As such, this Court conducted a de novo review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). For the reasons herein, Plaintiff's claims are dismissed without prejudice, and his pending motions are denied as moot.

## BACKGROUND

On June 29, 2019, Plaintiff was struck by a chair when another inmate attempted to hand the chair over the railing of the top tier to another inmate located on the bottom tier. [Doc. 7-1, p. 1]. The inmate who struck Plaintiff had been instructed by a deputy at the jail to bring the chair back downstairs since chairs were not allowed to be on the top tier during rec periods. [*Id.*]. Although it initially appeared that Plaintiff sustained only two small cuts and a bruise as a result of this incident, Plaintiff contends that he was ultimately found to have pinched a nerve in his neck, causing him pain and other symptoms. [Doc. 18, p. 7]; *see* [Doc. 7, pp. 5, 7]. Plaintiff contends that Defendants violated his constitutional rights by failing to ensure his safety in the facility and/or by failing to provide him with adequate medical treatment for the injuries he suffered. [*Id.*].

## DISCUSSION

**A.     Rule of Law**

At this juncture, the Court only analyzes Plaintiff's claims for frivolity, maliciousness, failure to state a claim, or immunity of the defendants from suit. 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. A complaint fails to state a claim if it does

not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Eighth Amendment prohibits the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend VIII. "Technically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees" like Thompson. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting *Snow ex rel. Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1268 (11th Cir. 2005)). "However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Goebert*, 510 F.3d at 1326 (citing *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1115 (11th Cir. 2005)). As outlined below, "[an inmate] bringing a deliberate-indifference claim has a steep hill to climb." *Keohane Florida Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. Mar. 11, 2020).

### B.   Medical Treatment Claims

Plaintiff's allegations concerning his medical treatment do not state a claim under § 1983. "To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." *McDaniels v. Lee*, 405 F. App'x 456, 458 (11th Cir. 2010) (citing *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)).

As noted by the magistrate judge, Plaintiff has not shown that any Defendant acted with deliberate indifference to his medical needs. In fact, Plaintiff's allegations show that Defendants timely responded to Plaintiff's medical injuries and provided treatment. Still, Plaintiff argues that the medical staff acted with "medical negligence" by denying some treatment and ignoring injuries. [Doc. 24, pp. 3—4]. However, "[d]eliberate indifference must be more than an inadvertent failure to provide adequate medical care, negligence in diagnosis or treatment, or medical malpractice." *Sifford v. Ford*, 701 F.App'x 794, 795 (11th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 105—06 (1976)). Accordingly, simple negligence in treatment and diagnosis are not the makings of a deliberate indifference claim. Thus, Thompson's medical treatment claims are due to be dismissed.

### C. Conditions of Confinement Claims

In his Objection, Plaintiff raises new factual allegations concerning unsafe prison conditions that led to his injury, which the Court construes as a motion to amend his recast complaint. However—even with these new factual allegations—Plaintiff fails to state a claim upon which relief could be granted. Accordingly, the Court **DENIES** Plaintiff's construed-as motion to amend his recast complaint. Fed. R. Civ. P. 15(a)(2); *see Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007). Plaintiff alleges in his Objection that he saw one inmate swing a chair at "Deputy Cooper," that inmates regularly pick up the chairs and throw them at each other, and the chairs

regularly collapse. [Doc. 24, p. 10]. Plaintiff also alleges all the jail deputies know about this issue and that the chairs are not allowed on the "top tier" for safety reasons. [*Id.,* p. 2].

Jail officials are deliberately indifferent when they "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A]n inmate generally must show more than a generalized awareness of risk to make out [a Fourteenth] Amendment deliberate indifference claim." *Marbury v. Warden*, 936 F.3d 1227, 1234 (11th Cir. 2019). Further, the occasional or isolated injury does not constitute a Fourteenth Amendment violation if the inmate cannot show that jail officials knew of a substantial risk that the injury might occur. *Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga.*, 400 F.3d 1313, 1319-21 (11th Cir. 2005).

The magistrate judge recommended dismissing Plaintiff's claims against Everidge because Plaintiff did not allege facts suggesting that Everidge "knew or should have known that the loose chairs posed an excessive risk to inmates' health or safety." [Doc. 18 at p. 8]. While Plaintiff alleges in his Objection that these chairs regularly cause injuries and all jail deputies are aware of this, Plaintiff's generalized allegations would not have put Defendant on notice of Plaintiff's particular injury. [Doc. 24, pp. 2, 3, 10]. Plaintiff was injured while another inmate was moving the chairs from the top tier landing per a deputy's instructions. Plaintiff has not alleged that this type of injury was common or that inmates were routinely injured while moving chairs off the

5

top tier. At most, Plaintiff has alleged that the chairs pose a general risk to the jail's inmates. However, this generalized risk would not put the jail officials on notice that someone could be injured while storing the chairs. Further, as the deputy had instructed an inmate to remove the chairs from the top tier, the jail officials were not disregarding the risk the chairs may pose at the time of the injury.

Accordingly, the factual allegations in Plaintiff's Objection do not cure the issues with his recast complaint. Plaintiff still fails to allege specific facts that would put the jail officials on notice about a substantial risk of his injury occurring and his allegations that the officials knew of the risk are conclusory. Therefore, Plaintiff has not alleged specific facts to show that Everidge—or any jail official—should have known about the risk of his injury occurring.

## CONCLUSION

Upon full review and consideration of the record, the Court **ADOPTS** the magistrate's Recommendation [Doc. 18] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DISMISSES without prejudice** Plaintiff's claims and **DENIES as moot** his motions for temporary restraining orders [Doc. 11] [Doc. 12] and his motion for judgment on the pleadings [Doc. 15].

**SO ORDERED**, this 1st day of May, 2020.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**